reUNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JONES,<br><br>Plaintiff,<br><br>v.<br><br>AVALON POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>No. 23-20981 (KMW-SAK)<br><br>MEMORANDUM OPINION AND ORDER |

This matter comes before the Court *sua sponte* in connection with the Complaint and Application to Proceed *In Forma Pauperis* of Plaintiff Matthew Jones. Previously, the Court granted Plaintiff's *in forma pauperis* Application. (ECF No. 3). Thus, the Court is now required to screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is dismissed for failing to state a claim.[1]

Plaintiff, proceeding *pro se*, brings this action against Defendants Avalon New Jersey Police Department and Avalon Beach Patrol asserting 42 U.S.C. § 1983 claims, various torts pursuant to the Federal Tort Claims Act, violations of 10 U.S.C. § 920[2] and 18 U.S.C. §§ 2031-32[3], violation of Plaintiff's First and Eighth Amendment rights, and violations of N.J.S.A. 2A:14-

---

[1] "When considering whether to dismiss a complaint for failure to state a claim pursuant § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under [Rule] 12(b)(6)." *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020). Rule 12(b)(6) requires the complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . and a claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Love v. Township*, No. 22-3275, 2023 WL 3597674 at *4 (D.N.J. May 23, 2023) (internal citations and quotations omitted).
[2] This statute relates to the Uniform Code of Military Justice. Plaintiff does not assert that any Defendant was affiliated with the military at the time of his assault. Therefore, this claim must fail.
[3] 18 U.S.C. §§ 2031-32 was repealed in November of 1986 and was applicable to special maritime and territorial jurisdictions of the United States, such as federal lands, tribal territories, and within the United States' waters. *See*

2a.[4] Plaintiff asserts that Defendants permitted his father to sexually assault him when he was 10 years old, and further beat him and also sexually assaulted him during visitation with his father in April of 1996. Pl.'s Compl. ¶4. Plaintiff asserts that he has suffered from wounds, illnesses, and life-threatening ailments from the alleged attacks, as well as injury to his reputation and ability to socialize. *Id.* ¶6. Plaintiff seeks compensatory damages in the amount of $10,000,000.00, as well as pain and suffering, special damages, and attorney fees and costs. *Id.* ¶ 10.

Plaintiff does not provide any detail about how or when Defendants censored Plaintiff's First Amendment rights to freedom of speech or press. With regard to Plaintiff's Eighth Amendment claim, *Estelle v. Gamble*, 429 U.S. 97 (1976) is applicable to prisoners, and Plaintiff does not assert that he was a prisoner at the time of his assault. Additionally, Plaintiff mentions the Fourteenth Amendment, but does not articulate any specific claim or how it applies in his case. Thus, the Court finds that Plaintiff has failed to state a claim with regards to his First, Eighth, and Fourteenth Amendment claims pursuant to Fed. R. Civ. P. Rule 8(a).[5]

Plaintiff asserts that Defendants violated 42 U.S.C. § 1983 ("§ 1983"). Importantly, Plaintiff is asserting § 1983 claims against the Avalon Police Department and Avalon Beach Patrol, which are municipal entities. *See Borough of Avalon, NJ Municipal Code*, Article VI: Public Safety Divisions and Assignments; § 2-61 Police Department & § 2-62 Division of Beach Patrol.

---

*Leonard v. United States*, 500 F.2d 673 (5th Cir. 1974). Plaintiff does not assert that the location of his assault was on territorial federal lands. Therefore, Plaintiff fails to state a claim.

[4] Plaintiff also cites to *Delaware Code Title 10 Chapter 40: Tort Claims Act Subsection 4011 Immunity from suit*, which is inapplicable to an act that allegedly occurred in New Jersey with Defendants from New Jersey, and also specifically precludes liability for governmental entities. Similarly, Plaintiff cites to the Federal Tort Claims Act which only applies to federal entities, and here, Plaintiff is asserting claims against New Jersey state municipal agencies. *See White-Squire v. United States Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).

[5] Rule 8(a) provides, in pertinent part:
Claim for Relief. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff does not assert charges against any individuals. Therefore, Plaintiff can only allege municipal liability against Defendants.[6] The Monell Doctrine applies where a plaintiff brings a §1983 claim against a municipality. For a municipality to be held liable under §1983, there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, (1989). It is not enough to identify conduct properly attributable to the municipality: a plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. *Belin v. O'Neill*, No. 17-13207, 2019 WL 6493942 at *3 (D.N.J. Dec. 3, 2019) (citing *Vulcan Pioneers of New Jersey v. City of Newark*, No. 02-5802, 2008 WL 4224941 at *4 (D.N.J. Sept. 10, 2008), aff'd, 374 F. App'x 313 (3d Cir. 2010)). In this instance, Plaintiff does not allege a policy, practice, or custom that represents the "moving force" behind the attacks he allegedly suffered. Therefore, Plaintiff fails to state a claim for municipal liability pursuant to § 1983.

Finally, Plaintiff also asserts two tort claims of negligence and assault and battery. The New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:1-1 et seq., provides for the liability of tort claims against public entities, however it requires a Notice of Tort Claim to be filed with the public entity within 90 days of the claim. While N.J.S.A. 2A:14-2a may extend a plaintiff's time to file after sexual assault,[7] Plaintiff does not indicate that he filed a Notice of Tort Claim with Defendants

---

[6] Plaintiff alleges respondeat superior liability in his Complaint, which is a legal doctrine where a court may impose vicarious liability to the employer of a person who has committed an independent tort. *Williams v. Verizon N.J., Inc.*, No. 19-09350, 2020 U.S. Dist. LEXIS 43528, 2020 WL 1227663 at *11 (D.N.J. Mar. 12, 2020). However, the doctrine of respondeat superior cannot be applied to municipalities like Defendants in the context of a §1983 claim. "For constitutional torts [under §1983] or the analogous provisions of the New Jersey Civil Rights Act, there is no respondeat superior liability. Municipal liability for the acts of employees must be premised on [the Monell Doctrine]." *Abdallah v. City of Paterson*, No. 16-4660, 2017 U.S. Dist. LEXIS 82135 at *8-9 (D.N.J. May 26, 2017). This is particularly pertinent for a case such as this, where there are no individual defendants.

[7] The Court notes that N.J.S.A. 2A:14-2a was broadly enacted to enable sexual assault survivors to bring claims that traditionally would be time barred. *See Bernard v. Cosby*, 648 F. Supp. 3d 558 (D.N.J. 2023). Overall, Plaintiff's allegations, on their face, would invoke N.J.S.A. 2A:14-2a and permit his filings notwithstanding timeliness, but the statute does not eliminate other requirements.

as required. The Notice of Tort Claim must be filed with the public entity within the time limitations in order for notice to be properly given to the public entity: the filing of a complaint does not satisfy the notice requirement. *Love*, 2023 WL 3597674 at *8 (internal citations and quotations omitted). A complaint that does not plead compliance with the NJTCA's notice requirements will not survive the motion to dismiss standard. *See Whatley v. Edna Mahan Corr. Facility*, No. 20-12295, 2021 WL 689153, at *2 (D.N.J. Feb. 23, 2021). Therefore, even with N.J.S.A. 2A:14-2a providing a window of time for a plaintiff to bring sexual assault claims that would otherwise be time barred, Plaintiff here would still be required to comply with the other elements of notice the NJTCA requires.[8]

**IT IS THEREFORE** on this 3rd day of July, 2024,

**ORDERED** that Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

**FURTHER ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order; and

**FURTHER ORDERED** that if Plaintiff does not amend his Complaint within 30 days, the Clerk is directed to close the case without further Order from the Court; and

**FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

Hon. Karen M. Williams,
United States District Judge

---

[8] The Court notes that the NJTCA permits liability for public entities regarding action at law for damages as a result of sexual assault, *see* N.J.S.A. § 59:2-1.3(a)(2).