**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MATTHEW JONES, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | No. 23-20981 (KMW-SAK) |
| AVALON POLICE DEPARTMENT, *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter comes before the Court pursuant to Plaintiff filing a Motion for Reconsideration, (ECF No. 5). Previously, the Court granted Plaintiff's *in forma pauperis* Application, and dismissed his Complaint for failure to state a claim upon which relief could be granted (ECF Nos. 3, 4). This Court granted Plaintiff 30 days to file an Amended Complaint addressing the deficiencies as noted in the Court's Memorandum Opinion and Order. (ECF No. 4). Plaintiff filed his Motion for Reconsideration within the 30 day period.

Motions for reconsideration, though not expressly recognized under the Federal Rules of Civil Procedure, are generally treated as either (1) motions to alter or amend judgment under Rule 59(e), or (2) motions for relief from judgment under Rule 60(b). *See Rich v. State*, 294 F. Supp. 3d 266, 277 (D.N.J. 2018). Pursuant to Local Civil Rule 7.1(i) the Court also has discretion to grant reconsideration where "the record was inadequately developed on a particular issue." *Baker v. Allen*, No. 03-2600, 2006 WL 2226351 at *4 (D.N.J. Jul. 28, 2006) (quoting *Hatco Corp. v. W.R. Grace & Co. Conn.*, 849 F. Supp. 987, 990 (D.N.J. 1994)).

Regardless of which rule is utilized to bring the motion, reconsideration by the Court is an extremely limited remedy. "[T]he scope of a motion for reconsideration [under Rule 59(e)] . . . is

extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Similarly, Rule 60(b) motions are not the appropriate vehicle to reargue issues "that the court has already considered and decided." *Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1 (D.N.J. Aug. 3, 2016) (internal quotation marks omitted)). Similarly, reconsideration pursuant to Local Rule 7.1(i) is to be granted very sparingly. *Baker*, 2006 WL 2226351 at *4 (internal citations and quotations omitted).

To prevail on a Motion for Reconsideration, a party must demonstrate either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Baker*, 2006 WL 2226351 at *4 (utilizing the same standard under Local Civil Rule 7.1(i)).

Here, Plaintiff does not bring forward any new evidence, nor any change in law, nor any new facts to address the deficiencies as outlined in the Court's prior Opinion. Plaintiff's request stems from his belief that the Court did not apply the law appropriately and that it would be a manifest injustice to deny his claims.[1] Specifically, Plaintiff asserts that his claims are not time barred and points the Court to the Model Penal Code. However, the statute of limitations related to the New Jersey Tort Claims Act is not governed by the Model Penal Code. Further, he asserts that he gave sufficient details as to the crimes committed against him, to which the Court did not

---

[1] The Court notes that the Motion for Reconsideration appears to be addressing a different case in that it asserts that "Defendants" and the Court called his claims "frivolous"—the Court did not label Plaintiff's claims frivolous, and no Defendants have appeared in this case. Further, Plaintiff discusses how immunity is not applicable to his claims, however the Court did not address immunity related arguments in its original Opinion. The Court is interpreting this document, however, as a response to its Order in an effort to fully address Plaintiff's concerns.

2

find fault. Plaintiff, however, does not address the fact that the Court noted that there were not sufficient details related to his First and Fourteenth Amendment claims, and did not provide any additional allegations or averments in his response. Finally, Plaintiff did not address the deficiencies outlined related to his 42 U.S.C. § 1983 claims related to *Monell* liability.

Simply put, Plaintiff did not demonstrate the necessary elements to prevail on his Motion for Reconsideration, nor did he provide any additional factual averments to address the deficiencies in his Complaint that the Court noted in its original Opinion.

**IT IS THEREFORE** on this 20th day of September, 2024,

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 5) is **DENIED**; and

**FURTHER ORDERED** that the Clerk is directed to close the case; and

**FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

Hon. Karen M. Williams,
United States District Judge