**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MATTHEW JONES, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | No. 23-20981 (KMW-SAK) |
| AVALON POLICE DEPARTMENT, *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter comes before the Court pursuant to Plaintiff filing a Motion for Relief from Judgment, (ECF No. 7), twenty days after this Court dismissed his Motion for Reconsideration and the Clerk of Court closing the case. Previously, the Court granted Plaintiff's *in forma pauperis* Application, and dismissed his Complaint for failure to state a claim upon which relief could be granted (ECF Nos. 3, 4). This Court granted Plaintiff 30 days to file an Amended Complaint addressing the deficiencies as noted in the Court's Memorandum Opinion and Order. (ECF No. 4). Plaintiff filed his Motion for Reconsideration within the 30 day period, and the Court found that Plaintiff did not bring forward any new evidence, nor any change in law, nor any new facts to address the deficiencies as outlined in the Court's prior Opinion.

Though the Motion for Relief is untimely and was filed after the Court has closed the matter, the Court reviewed Plaintiff's Motion for Relief from Judgment and notes that the document is nearly identical to his Motion for Reconsideration, with two modifications: Plaintiff deleted a paragraph describing the Model Penal Code and inserted a Missouri statute. *Compare* ECF No. 5 and ECF No. 7 at page 6. The Court notes that none of the alleged acts in Plaintiff's Complaint occurred in Missouri.

Motions for Relief from Judgment are governed by Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), and such motions are not the appropriate vehicle to reargue issues "that the court has already considered and decided." *Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1 (D.N.J. Aug. 3, 2016) (internal quotation marks omitted)). Pursuant to Rule 60(b), a party may file for a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) permits relief from a final judgment and the reopening of the case under a limited set of circumstances. *Filippatos v. United States*, No. 23-cv-2033, 2024 WL 3409441 at *2 (D.N.J. Jul. 15, 2024). It is considered an extraordinary remedy and cannot be used as a substitute for an appeal. *Id.* "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d. Cir. 2008). Further, the "catchall" 60(b)(6) is only available when all other avenues are inapplicable. *Id.*

Here, Plaintiff does not identify any of the applicable categories for relief in his brief. Plaintiff essentially resubmitted the same papers that comprised his Motion for Reconsideration to reiterate that it would be manifest injustice to deny his claims,[1] but provides no factual or legal

---

[1] The Court notes that the Motion for Relief from Judgment appears to be addressing a different case in that it asserts that "Defendants," whereas no Defendants have appeared in this case, and asserts that the Court called his claims "frivolous," but the Court did not label Plaintiff's claims frivolous in any of its Opinions to date. Further, Plaintiff discusses how immunity is not applicable to his claims, however the Court did not address immunity related arguments

2

underpinnings to demonstrate an "extreme" or "unexpected hardship" would result without the Court's intervention.

Simply put, Plaintiff did not demonstrate the necessary elements to prevail on his Motion for Relief from Judgment, nor did he provide any additional factual averments to address the deficiencies in his Complaint that the Court noted in its original Opinion, nor did he demonstrate the kind of extreme and unexpected hardship required for the Court to utilize the extraordinary remedy of granting a Motion for Relief from Judgment.

**IT IS THEREFORE** on this 12th day of May, 2025,

**ORDERED** that Plaintiff's Motion for Relief from Judgment (ECF No. 7) is **DENIED WITH PREJUDICE**; and further

**ORDERED** that the Clerk is directed to close the case; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

Hon. Karen M. Williams,<br>
United States District Judge

---

in its original Opinion or in its Reconsideration Opinion. The Court is interpreting this document, however, as a response to its Order in an effort to fully address Plaintiff's concerns.

3